**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0533-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY M. WASHINGTON,
a/k/a RICKY WASHINGTON,

    Defendant-Appellant.

_____

Submitted November 13, 2024 – Decided January 13, 2025

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 17-08-1775.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Matthew T. Mills, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury found defendant Anthony Washington guilty of second-degree aggravated assault, third-degree possession of a weapon for an unlawful purpose, attempted burglary, and disorderly persons criminal mischief. Defendant was sentenced to a fifteen-year extended term for aggravated assault, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2; a concurrent one-year term for unlawful possession of a weapon; a consecutive five-year sentence for attempted burglary, with two and a half years of parole ineligibility; and a time-served term for criminal mischief. He appealed both his convictions and sentences.

We affirmed defendant's convictions but remanded for re-sentencing due to the trial court's failure to merge the offenses of criminal mischief and attempted burglary. State v. Washington, No. A-2210-18 (App, Div. March 4, 2021) slip op. at 2, 25, certif. denied, 248 N.J. 232.

After the trial court resentenced defendant to a fifteen-year extended term pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, defendant filed a PCR petition alleging ineffective assistance of trial counsel. The petition was denied without an evidentiary hearing.

On appeal, defendant argues:

POINT ONE

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A CURATIVE

2                                                          A-0533-23

INSTRUCTION IN RESPONSE TO OFFICER [RYAN] KOV'S TESTIMONY THAT PETITIONER WAS ARRESTED FOR AN UNRELATED COMPLAINT AND HAD OUTSTANDING WARRANTS AGAINST HIM AT THE TIME OF HIS ARREST.

POINT TWO

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A CURATIVE INSTRUCTION IN RESPONSE TO TESTIMONY OF TWO POLICE OFFICERS THAT THEY FOUND THE VICTIM'S REPORTS OF PETITIONER'S ALLEGED PRIOR ACTS TO BE CREDIBLE.

We are unpersuaded and affirm.

I.

We need not discuss the lengthy trial proceedings as they are detailed in Washington, but only recite what is pertinent to defendant's two contentions on appeal.

A.

Defendant argues he was prejudiced by improper direct and cross-examination testimony by State witness Absecon Police Officer Kov. The following colloquy occurred on direct:

> [Prosecutor:] And were you working as a patrol officer on May 28th of last year?
>
> [Kov:] Yes.
>
> [Prosecutor:] Okay. Did you respond to Rhode Island Avenue on that day?

3                                                    A-0533-23

[Kov:]  Yes.

[Prosecutor:]  And why did you respond there?

[Kov:]  There was a complaint about a mother wishing to have her son removed from the property.

[Prosecutor:]  . . .  And who was the individual that was the subject of the complaint?

[Kov:]  Anthony Washington.

[Prosecutor:]  Okay.  Did you find him at the residence?

[Kov:]  No.

[Prosecutor:]  Okay.  Did you find him anywhere thereafter?

[Kov:]  A couple of blocks away, shortly after.

[Prosecutor:]  Was he wanted by the Atlantic City police at that time?

[Kov:]  Yes, he was.

[Prosecutor:]  In reference to what?

[Kov:]  An aggravated assault.

[Prosecutor:]  All right.

[Kov:]  A domestic disturbance.

[Prosecutor:]  Okay.  Was he placed under arrest?

[Kov:]  He was. On cross-examination, the following colloquy occurred:

[Defense counsel:] Officer Kov, when you placed [defendant] under arrest, it had been . . . just a few hours after . . . the incident for which you had a warrant, right? Was that your understanding?

[Kov:] I do know the time frame on that, sir. . . .

[Defense Counsel:] Well,

[Kov:] I went strictly off a [w]anted flyer.

Defendant argues Officer Kov's testimony led the jury to improperly conclude he had: "(1) a propensity for bad acts based upon his mother's alleged claim that he was trespassing; (2) . . . criminal and violent tendencies because he was wanted for aggravated assault and domestic violence; and (3) was a fugitive from justice." From defendant's perspective, if trial counsel had sought a limiting instruction, the jury would have been instructed that defendant's warrant and the underlying allegations are not substantive evidence of guilt nor evidence of his propensity for criminality. Citing State v. Cain, 224 N.J. 410 (2016) and State v. Alvarez, 318 N.J. Super. 137 (App. Div. 1999), defendant argues Officer Kov's testimony was prejudicial, and the jury was not instructed "as to how to properly consider [his] testimony." Like PCR Judge W. Todd Miller, we conclude defendant's reliance on those cases is misplaced.

The PCR judge's written decision reasoned that the egregious testimony in Cain and Alvarez was far afield from Officer Kov's testimony. In Cain, the prosecutor referenced a search warrant at least fifteen times during trial and the

Court held the comments constituted bolstering that "le[d]the jury to draw an impermissible inference that the court issuing the warrant found the State's evidence credible."  224 N.J. at 436.  Similarly, in Alvarez, our court found testimony prejudicial where the prosecutor made "three references to an arrest warrant . . . [and] six references to a search warrant (described as issued by a judge)" for the defendant.  318 N.J. Super. at 147.

Judge Miller distinguished these cases by citing our decision affirming defendant's convictions on direct appeal, where we held:

> Unlike the prosecutors in Cain and Alvarez, who made numerous references to the warrants as being issued by a judge, the prosecutor here never elicited that detail from [Officer] Kov during his testimony.  All explicit references to the arrest warrant were made by defense counsel during cross-examination.  In that regard, defendant's belated argument is also barred under the doctrine of invited error.  See State v. Harper, 128 N.J. Super. 210, 277 (App. Div. 1974) ("Trial errors which were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal.").
>
> [Washington, slip op. at 16 (emphasis added).]

Turning to defendant's burden to establish an ineffective assistance of counsel claim under the first prong of Strickland v. Washington 466 U.S. 688, 700 (1984) — that his counsel's performance was deficient — the judge correctly held that defendant's trial counsel strategically elicited Officer Kov's testimony. Trial counsel's reference to the arrest warrant was followed by questioning

Officer Kov on evidence in favor of defendant. The PCR judge noted: "Trial counsel outlined the fact that the victim testified that the perpetrator had been holding the knife by the blade and that . . . [defendant] did not have any injuries to his hands at the time of the arrest, therefore he could not have been the perpetrator." The judge continued that trial counsel's mention of the warrant could have been a strategic decision "to discredit the victim by making [her] statements appear to be misguided or fueled by wanting to 'get back' at [defendant]."

The decision by trial counsel not to request a curative instruction is presumed "a strategic decision not to draw more attention to this isolated, fleeting comment." State v. Mays, 321 N.J. Super. 619, 633 (App. Div. 1999). So, when a trial counsel does not pursue a curative instruction, the defendant must show that the failure to give such an instruction equates to an error "clearly capable of producing an unjust result." Ibid. (quoting State v. Loftin, 287 N.J. Super. 76, 97 (App. Div. 1996)).

Defendant does not show an unjust result occurred due to trial counsel's failure to request a curative instruction regarding Kov's testimony. He cites no caselaw establishing trial counsel's own elicitation of testimony about a warrant produced an unjust result. The same is true for the prosecutor's brief mention

of defendant's mother asking that defendant be removed from her property due to a domestic disturbance.

As for defendant's burden under the second prong of <u>Strickland</u>, 466 U.S. at 700 — that his counsel's performance was deficient— Judge Miller correctly reasoned defendant's conviction did not rest on testimony that there was an arrest warrant for him, but rather was grounded in a "wealth of evidence that . . . supports the [defendant's] conviction." As such, defense counsel's reference to a warrant at most resembled a "harmless error" rather than ineffective assistance of counsel.

B.

Defendant argues his trial counsel was ineffective for not requesting a curative instruction for Officers Mark Williams' and Ryan O'Connell's testimony. The prosecutor adduced the following testimony from Officer Williams:

> [Prosecutor:] And what was the reason for responding there?
>
> [Willams:] We had a call [from] . . . a female caller . . . reporting a subject was trying to break into her front door.
>
> [Prosecutor:] Okay. And who was the female caller?
>
> [Willams:] [The victim].
>
> . . . .

8

[Prosecutor:] Okay. And did you speak with [the victim]?

[Willams:] I did.

[Prosecutor:] Okay. Can you describe her demeanor?

[Willams:] Well, she was concerned. She reported that someone was trying to break into her front door. She needed to — to barricade herself in even though it was locked. So[,] she was a little upset.

[Prosecutor:] Okay. Did you believe her?

[Willams:] I did.

[Defense counsel:] Objection.

. . . .

[Court:] I'll allow the question.

[Prosecutor:] And did you believe her, Officer?

[Willams:] I did.

The prosecutor elicited similar testimony from Officer O'Connell:

[Prosecutor:] And did you speak with [the victim]?

[O'Connell:] I did.

[Prosecutor:] Without telling me specifically what she said, what was her demeanor at that time?

[O'Connell:] She seemed frightened as she was looking around. Looking past me, not making eye contact — not making eye contact with me. Kind of looking towards the wood line —

. . . .

9

[Prosecutor:]  Did you find [the victim] to be credible at that time?

[Defense counsel:]  Objection.

    . . . .

[Court:]  I'll allow the question.

[Prosecutor:]  Did you find [the victim] to be credible?

[O'Connell:]  Yes.

While defendant concedes trial counsel objected to the officers' testimony, he argues counsel was ineffective because he failed to move to strike the testimony or seek a curative instruction.  For example, trial counsel incorrectly objected to Officer Williams' questioning on the grounds that it was "irrelevant" instead of "bolstering."  Citing State v. Cole, 229 N.J. 430, 450 (2017), defendant reiterates the principle that "it [is] the jury's province to assess the credibility of all of the evidence."  He also relies on State v. Frisby, 174 N.J. 583, 596 (2002), where the Court stated "[t]his case was a pitched credibility battle between [two individuals] on [a] pivotal issue. . . . Any improper influence on the jury that could have tipped the credibility scale was necessarily harmful and warrant[ed] reversal."

Judge Miller properly denied defendant's contention first on procedural grounds.  Citing Rule 3:22-5, the judge noted that because we rejected these identical arguments on direct appeal, they are barred from consideration in a

10

PCR petition. PCR is not "an opportunity to relitigate a claim already decided on the merits" when raised on direct appeal or in prior proceedings. State v. McQuaid, 147 N.J. 464, 483 (1997). On direct appeal, we denied defendant's same contentions under a harmless error review, concluding "the officers' transient remarks, while clearly improper, were harmless and did not lead 'the jury to a result it otherwise might not have reached.'" Washington, slip op. at 16 (quoting State v. Bankston, 63 N.J. 263, 273 (1973)). We concluded that despite Officer Williams' and O'Connell's improper comments on the victim's credibility, "neither officer opined as to defendant's guilt or innocence, compare State v. Odom, 116 N.J. 65, 77 (1989), nor did they offer opinions that required them to choose between witnesses, compare State v. Frisby, 174 N.J. 583, 593-96 (2002) (disapproving police testimony regarding the innocence of one person and inferentially the guilt of the defendant)." Washington, slip op. at 19. Notwithstanding the errors in eliciting both testimonies, it is not cause for reversal. We thus agree with the judge that "[t]he issues [defendant] faults his counsel for, have already been adjudicated previously or raised during his appeal of the jury verdict," and, thus "are now procedurally barred."

As to the merits of defendant's contention, applying the first Strickland prong, Judge Miller emphasized that trial counsel objected to the officers' testimonies. Moreover, even though recognizing defendant argues his trial

11

counsel's objections were incorrect, the judge correctly reasoned counsel "may have been exercising a legitimate trial strategy [which was not ineffective assistance] by not drawing more attention to the statements."  Further, the judge noted the jury was instructed that it was the sole determiner of credibility, and the record contained overwhelming evidence in support of its decision to dismiss defendant's petition.

The judge also appropriately found defendant did not satisfy the second Strickland prong that he was prejudiced.  The judge maintained trial counsel's objections were overruled and, thus, defendant's contention is more akin to a "merits appeal issue not a PCR issue."  Defendant makes no showing that trial counsel "mistakenly impacted a determination of guilt or otherwise wrought a miscarriage of justice."  State v. Nash, 212 N.J. 518, 546 (2013) (quoting State v. Mitchell, 126 N.J. 565, 587 (1992)); see also Rule 3:22-4(a)(2).  The defendant must make "some showing" that an error or violation "played a role in the determination of guilt."  Mitchell, 126 N.J. at 587 (quoting State v. Laurick, 120 N.J. 1, 13, cert. denied, 498 U.S. 967 (1990)).

II.

A judge reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the requested relief.  State v.

A-0533-23

Preciose, 129 N.J. 451, 462 (1992); R. 3:22-10(b). The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The judge should only conduct a hearing if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013). Because there are no disputed facts here and Judge Miller correctly held that defendant did not establish a claim of ineffective assistance of trial counsel, defendant was not entitled to an evidentiary hearing.

To the extent we have not specifically addressed defendant's arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0533-23